UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CINTHIA F. MARSHALL,<br>Plaintiff,<br>v.<br>OCWEN LOAN SERVICING, LLC,<br>Defendant. | Case No.: 17cv1818-LAB (JMA)<br>**ORDER TO SHOW CAUSE RE: DISMISSAL AND LEAVE TO AMEND; AND**<br>**ORDER OF REFERRAL** |
|---|---|

Defendant Ocwen Loan Servicing, LLC filed a motion for judgment on the pleadings, with a hearing date of October 22. (Docket no. 23.) When Plaintiff Cinthia Marshall, who is represented by counsel, failed to oppose it, the Court issued an order to show cause (Docket no. 26) why the motion should not be granted. The order required her to file her written opposition to the motion. If she did not, the order cautioned her that the Court would construe it as her consent to the motion's being granted, citing Civil Local Rule 7.1(f)(3)(c).

Marshall filed no opposition, and did not respond in any way to the Court's order. Failure to follow the Court's local rules, and disobedience to the Court's orders are both proper grounds for dismissal, as well as other sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); Civil Local Rue 83.1.

Although Ocwen has been participating actively in the case, Marshall has not. The last time she showed any indication of doing so was April 19, 2018, when her counsel appeared at a case management conference. (*See* Docket no. 18.) Besides failing to oppose the motion to dismiss, she also failed to oppose Ocwen's motion for resolution of a discovery dispute, even after being ordered to do so by Magistrate Judge Jan Adler.[1] That motion alleged that she was failing to participate in the discovery process. In fact, the only indication she is participating in this action at all is her attorney's electronic signature on a joint motion authored by Ocwen. Marshall's disobedience to Civil Local Rule 7.1(f)(3)(c) as well as to the Court's own order to show cause has caused needless delay and has imposed unfair burdens and expenses on Ocwen. The motion to dismiss (Docket no. 23) is **GRANTED IN PART**. The complaint is **DISMISSED WITHOUT PREJUDICE**.

Marshall is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for failure to prosecute. She is also **ORDERED TO SHOW CAUSE** why she should not be sanctioned for disobedience to Civil Local Rule 7.1(f)(3)(c) and for disobedience to the Court's earlier order to show cause. She may do so by filing a memorandum of points and authorities, not longer than seven pages, by **January 16, 2019**, without fail. The motion <u>must</u> show good cause for her failure to oppose Ocwen's motions. If Marshall fails to show cause for her failure to prosecute, this action will be dismissed without prejudice. If she seeks to avoid dismissal but fails to show good cause for her failure to oppose Ocwen's motion to dismiss, the Court may impose sanctions for her violation of Civil Local Rule 7.1(f)(3)(c) and for her disobedience to the Court's order. *See* Civil Local Rule 83.1(a).

In addition, if Marshall believes she can successfully amend to correct the defects pointed out in Defendant's motion, she should seek leave to do so by filing

---

[1] Judge Adler was at the time the assigned Magistrate Judge. Since then, the case has been reassigned to Magistrate Judge Linda Lopez.

a motion for leave to amend, attaching her proposed amended complaint as an exhibit. Her motion must explain why her proposed amended complaint is not subject to dismissal for each of the reasons set forth in Defendant's motion. In particular, she must explain why she is not estopped from advancing her claims for failing to disclose them in her bankruptcy. She must explain why she has a RESPA or TILA claim against Ocwen, as a servicer of the loan. And she must show why she has standing to pursue a claim under Cal. Bus. & Prof. Code §17204. Any motion for leave to amend must be filed by **January 28, 2019**. Defendant's opposition will be due **February 11, 2019**. No reply briefs are to be filed without leave. If appropriate, a hearing will be set, but otherwise the matter will be deemed submitted on the papers after Defendant files its opposition. If Marshall fails to seek leave to amend as ordered, this action will be dismissed for failure to prosecute.

Although this order has discussed other motions, it is intended to address only Ocwen's pending motion to dismiss (Docket no. 23), the Court's own order to show cause (Docket no. 26), and Marshall's general failure to prosecute. The pending motion for determination of the discovery dispute (Docket no. 24) and the joint motion to modify the scheduling order (Docket no. 32), and all associated matters remain referred to Magistrate Judge Linda Lopez.

**IT IS SO ORDERED**.

Dated: January 7, 2019

Hon. Larry Alan Burns
United States District Judge

3
17cv1818-LAB (JMA)