UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINTHIA F. MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 17cv1818-LAB (JMA)<br><br>**ORDER TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED; AND**<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

The Court on January 7 ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute, and also why she should not be sanctioned. If she failed to show cause as to her failure to prosecute, the order cautioned, the action could be dismissed without prejudice. But if she failed to show cause for disobeying the Court's earlier order, she was cautioned that she could be sanctioned. (Docket no. 26). The Court's earlier order had required her to file an opposition to Defendant's motion for judgment on the pleadings, which sought dismissal with prejudice. The Court granted Defendant's unopposed motion in part, dismissing the complaint without prejudice.

Plaintiff has not obeyed the January 7 order. If she had showed cause why Defendant's unopposed motion should not be granted and why she should not be

sanctioned but had failed to show cause for her failure to prosecute, this action would have been dismissed without prejudice. But because she has failed to show cause for her multiple acts of disobedience to the Court's orders, the Court now **RECONSIDERS** its partial grant of Defendant's motion for judgment on the pleadings, and **GRANTS** the motion in its entirety, both because Plaintiff has consented to its being granted, *see* Civil Local Rule 7.1(f)(3)(c), and as a sanction. *See* Civil Local Rule 83.1(a).

Civil Local Rule 16.1(b) covers counsel's duty of diligence, which it appears Plaintiff's attorney, Moataz Sayed Hamza, Esq., has neglected. In addition, all counsel are expected to act with the highest standards of professionalism. *See* Civil Local Rule 83.4. This includes, among other things, to avoid wasting judicial resources by failing to respond when directed to do so by the Court, thereby requiring the Court to take extraordinary steps to manage the litigation. This is particularly true when the Court has specifically ordered counsel to do something. The Court's orders requiring the filing of responses concerning dismissal were not conditional and counsel was not free to disregard them if he was no longer intending to prosecute the case. At the very least, he should have filed a notice saying Plaintiff did not oppose dismissal with prejudice. And more importantly, the Court's order to show cause why Plaintiff should not be sanctioned was not optional.

Attorney Moataz Hamza is therefore **ORDERED TO SHOW CAUSE** why monetary sanctions should not be imposed on him for disobeying the Court's orders. *See* Civil Local Rule 83.1(a). He is **ORDERED** file a response, not longer than five pages, by **March 25, 2019**. **If he fails to obey this order, he may be subject to further sanctions or contempt proceedings.**

At least one motion seeking an award of costs (Docket no. 24) is still pending before Magistrate Judge Lopez. This order does not dispose of that issue, and does not divest Judge Lopez of authority over it. Nor does this order dispose of

2

17cv1818-LAB (JMA)

any other requests for sanctions or costs. But all other requests are **DENIED AS MOOT** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to mail copies of this order to Mr. Hamza at the address in the docket, and also at 750 B Street, Suite 2350, San Diego, CA 92101.[1]

**IT IS SO ORDERED**.

Dated: March 8, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge

---

[1] The address in the docket is the same as Mr. Hamza's address on the California Bar website. However, a website for Hamza law, using Mr. Hamza's phone number, lists the firm's address as being at 750 B Street.